891 F.2d 290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon DAVIS, Plaintiff-Appellant,
v.
Eugene BORGERT; Phillip Henry, Defendants-Appellees.
 No. 89-1658.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Gordon Davis, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Davis is an inmate at the State Prison at Southern Michigan. In August 1988, Davis was issued a major misconduct report for the assault and battery of defendant Henry, a corrections officer. The report stated that Davis pushed Henry and ran out the door after refusing to submit to a shakedown. Davis was found guilty of the charge and was sentenced to seven days detention. Thereafter, Davis filed this suit alleging that prison policy was not followed because he was found guilty of the charge despite the discrepancy between Henry's first statement that he was pushed and knocked down and his second statement that he was only pushed. Essentially, Davis argued that there was insufficient evidence to support the disciplinary action taken. Davis sought: 1) declaratory and injunctive relief; 2) that he be restored to his previous custody level; 3) that all his privileges be restored; 4) that the incident be expunged from his prison files; and 5) that he receive a per diem amount for the time he spent in detention and for the increase in his security level.
 
 
 3
 The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d) finding that Davis had not stated a cause of action under § 1983 because neither defendant had personally violated his rights; that the doctrine of respondeat superior was inapplicable in a civil rights action; and that Henry had not intentionally filed false misconduct charges against Davis.
 
 
 4
 Upon review, we affirm the district court's judgment for slightly different reasons. The documentary evidence submitted in this case shows that Davis received advance written notice of the charges against him, and both defendant Henry and officer Cottee (the corrections officer who witnessed the incident) were interviewed twice and made two statements. Davis was also given the opportunity to prepare for the hearing and present evidence. He was further provided with a written statement of the evidence relied upon and the reasons for the disciplinary action taken. Under these circumstances, we conclude that the procedures utilized were sufficient to satisfy constitutional mandates. See Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). Moreover, there was "some evidence" in the record to support the disciplinary action taken because both Henry and officer Cottee stated on two separate occasions that Davis pushed Henry. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.